# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUSTIN LOPER,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.

    Respondents.

Case No. 2:10-CV-01011-RLH-(PAL)

**ORDER**

Petitioner has submitted an application to proceed in forma pauperis (#5). The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to file an amended petition.

In the Eighth Judicial District Court, petitioner pleaded guilty to crimes, but he does not allege what those crimes were, nor does he allege what his sentences were.[1] Petitioner will need to complete all of the applicable sections in his amended petition.

In ground 1, petitioner alleges that counsel provided ineffective assistance in several instances. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective

---

[1] A fragment of court minutes attached to the petition shows some of petitioner's sentences, but that fragment is cut off and does not state what the crimes were.

standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697. In all of the instances that petitioner presents, his allegations are too vague and conclusory to warrant habeas corpus relief. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

First, petitioner argues that counsel promised him that he would receive no more than three to eight years in prison. Because petitioner has not completed the petition form, the court has no way to compare this claim to the sentence that petitioner actually received.

Second, petitioner argues that counsel did not investigate the case and did not speak with witnesses who could have provided information that would have lessened the degree of guilt of petitioner. Petitioner does not allege who these witnesses are or what they could have told counsel.

Third, petitioner argues that counsel did not file a pre-trial writ of habeas corpus that challenged the sufficiency of the evidence. A defendant may file a pre-trial petition based upon a lack of probable cause to bind him over to trial. See Nev. Rev. Stat. § 34.700. However, petitioner has not alleged what evidence was presented to the grand jury or at the preliminary hearing, let alone how it was insufficient for him to be tried.

Fourth, petitioner argues that counsel failed to file a motion to withdraw a plea agreement. A plea agreement must be entered knowingly and voluntarily. Brady v. United States, 397 U.S. 742, 748 (1970). Petitioner does not allege how his plea was either unknowing or involuntary.

Ground 2 provides some hint as to why petitioner wanted to withdraw his guilty plea, but it is still too vague. See James, 24 F.3d at 26. Petitioner alleges again that counsel failed to file a motion to withdraw his plea. Petitioner also alleges that counsel did not argue at sentencing that the co-defendants were receiving lighter sentences than what petitioner received. Apart from not alleging what his sentence is, petitioner also has not alleged what sentences his co-defendants

received, and he also has not alleged whether his co-defendants were charged with the same crimes. In other words, petitioner has not alleged facts that could indicate that his plea was not knowing or voluntary. Petitioner also appears to believe that the Federal Rules of Criminal Procedure apply to criminal proceedings in state-court. They do not, and he should not refer to the rules in his amended petition.

In ground 3, petitioner presents four claims that the Eighth Amendment's ban on cruel and unusual punishment was violated. All of them are too vague and conclusory to warrant habeas corpus relief. See James, 24 F.3d at 26.

First, petitioner claims that the state district court imposed a much harsher sentence based upon dismissed charges in petitioner's past. This court has no means of determining whether the sentence was excessive, because petitioner has not alleged what his sentence was.

Second, petitioner claims that the state district court did not replace counsel when it was clear that counsel was conflicted. This is more of a claim of ineffective assistance of counsel pursuant to the Sixth Amendment than it is a claim that his sentence is cruel and unusual pursuant to the Eighth Amendment. Nonetheless, petitioner does not allege what that conflict was.

Third, petitioner claims that the state district court failed to preserve the record and to hold an evidentiary hearing to secure testimonies and evidence that might have been destroyed. Petitioner does not allege what that evidence was, and how it might have affected his sentence.

Fourth, petitioner claims that the state district court should have let petitioner withdraw his guilty plea or withdraw for specific performance of the plea agreement. Petitioner does not allege how the plea agreement was breached.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#5) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended

petition to correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 2:10-CV-01011-RLH-(PAL), above the word "AMENDED."

IT IS FURTHER ORDERED, as per prior agreement, that the clerk of court shall add Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her office. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: August 19, 2010.

_____
ROGER L. HUNT
Chief United States District Judge